IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ADOLPH SPEARS, SR.,                                           CV. 11-590-HA

        Petitioner,                                       ORDER

  v.

UNITED STATES OF AMERICA,

        Respondent.

HAGGERTY, District Judge.

    This 28 U.S.C. § 2241 habeas corpus action comes before the court on respondent's Motion to Dismiss [14] for lack of subject matter jurisdiction. Before addressing the pending Motion, the court notes that petitioner has not named his custodian as the respondent to this action, thereby depriving the court of personal jurisdiction in this matter. *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). The court will not, however, provide petitioner leave to amend his Petition to cure this

1 - ORDER

jurisdictional defect because, as discussed below, the court lacks subject matter jurisdiction under 28 U.S.C. § 2241.

## DISCUSSION

On December 7, 2000, petitioner was convicted of conspiracy to distribute cocaine, conspiracy to launder monetary instruments, possession with intent to distribute cocaine, and money laundering. His direct appeal became final on October 6, 2003 when the U.S. Supreme Court denied certiorari, and his collateral challenge to his convictions became final on September 22, 2009 when he moved to withdraw his request for a certificate of appealability in the Ninth Circuit.

On May 13, 2011, petitioner filed this 28 U.S.C. § 2241 habeas corpus action challenging the legality of his confinement. Specifically, he alleges that the Fair Sentencing Act of 2010 ("FSA") constitutes an intervening change in the law which retroactively applies to his case and shows that he was convicted of a non-existent offense. Respondent asks the court to dismiss the Petition for Writ of Habeas Corpus for lack of subject matter jurisdiction because petitioner seeks to utilize § 2241 in order to circumvent the prohibition on successive § 2255 motions.

A 28 U.S.C. § 2241 petition is the proper method by which to challenge the manner, location, or conditions of a sentence's execution. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 1999). Section 2255 provides the exclusive procedural mechanism by

2 - ORDER

which a federal prisoner may contest the legality of his sentence unless it appears that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999), *cert. denied*, 528 U.S. 1178 (2000); *Hernandez*, 204 F.3d at 864. The burden to show that a § 2255 motion is ineffective or inadequate rests upon petitioner. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

In the present case, petitioner attempts to invoke the "savings clause" or "escape hatch" of 28 U.S.C. § 2255 by alleging that he has never had an unobstructed procedural shot at presenting his claim. "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim did not become available until after a federal court decision." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (internal quotation omitted). The two factors to consider are: (1) whether the legal basis for petitioner's claim did not arise until the conclusion of his direct appeal and first 28 U.S.C. § 2255 motion; and (2) whether the applicable law changed in any relevant way after the conclusion of the petitioner's first § 2255 motion. *Id.*

Petitioner argues that the recent passage of the FSA shows that he was convicted of a non-offense. Even assuming this to be true, the FSA does not apply retroactively to persons sentenced

3 - ORDER

before its enactment. *United States v. Reevey*, 631 F.3d 110, 115 (3rd Cir. 2010) (collecting cases); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010), *cert. denied*, 131 S.Ct. 1706 (2011); *United States v. Washington*, 2011 WL 587166 *1 (D.Or. Feb. 10, 2011); *United States v. Richmond*, 2011 WL 589714 *1 (D.Or. Feb. 9, 2011); *see also United States v. Hall*, 2010 WL 4561363 *3 (9th Cir. Aug. 12, 2010) (concluding in unpublished decision that FSA does not apply retroactively). As a result, the law has not changed in any relevant way for petitioner, thus he cannot show that 28 U.S.C. § 2241 is an appropriate mechanism by which to challenge the legality of his sentence.

## CONCLUSION

Respondent's Motion to Dismiss [14] is GRANTED, and the Petition for Writ of Habeas Corpus [1] is DISMISSED, without prejudice, for lack of jurisdiction. Should petitioner file a notice of appeal, a certificate of appealability is denied on the basis that he has not made a substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

DATED this 27 day of September, 2011.

_____
Ancer L. Haggerty
United States District Judge

4 - ORDER